**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50138 |
| Plaintiff/Appellee, | D.C. No. 3:19-cr-03026-JAH-1 |
| v. | |
| PEDRO VENTURA ARROYO, | MEMORANDUM[*] |
| Defendant/Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 9, 2021[**]
Pasadena, California

Before: GRABER, CALLAHAN, FORREST, Circuit Judges.

Pedro Ventura Arroyo appeals his conviction for possessing with the intent

to distribute methamphetamine and heroin. On appeal, he challenges the denial of

his motion to suppress evidence seized from his person and backpack. Having

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, we affirm.

The officer properly stopped Arroyo because he was biking on a sidewalk in violation of the local municipal code. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) ("An investigatory stop or encounter does not violate the Fourth Amendment if the officers have reasonable suspicion supported by articulable facts that criminal activity may be afoot." (internal quotations and citation omitted)). Arroyo protests that the stop was pretextual—that the officer was really interested in gang and drug activity. But "[s]ubjective intentions play no role in ordinary . . . Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Because the officer had an objectively reasonable basis to stop Arroyo, any ulterior motive is irrelevant.[1]

The officer also properly "frisked" Arroyo for weapons after stopping him. *See United States v. Davis*, 530 F.3d 1069, 1082–83 (9th Cir. 2008) (holding that weapon pat-downs are appropriate when supported by a "reasonable articulable suspicion" that someone is armed and dangerous). The officer knew that Arroyo was a member of a gang active in the area. He had also heard that Arroyo had been stabbed in a gang-related feud, and Arroyo had a bandaged arm, suggesting that he might have been armed—either to protect himself or to carry out a

---

[1] Insofar as Arroyo challenges the duration of the investigatory stop, we hold that it was reasonable. Less than a minute elapsed between the stop and pat-down.

2

retributive attack. Arroyo additionally expressed frustration at having been stopped and was wearing loose-fitting clothes that could have concealed weapons. In light of these facts, the officer was reasonably concerned for his safety. Indeed, his concerns were well founded, as Arroyo was carrying two knives in violation of California law. *See* Cal. Pen. Code § 21310.

Arroyo's possession of those knives in turn established probable cause to arrest him. His backpack, which contained drugs, was properly searched incident to that arrest. *See United States v. Cook*, 808 F.3d 1195, 1199 (9th Cir. 2015) (allowing warrantless searches of the area within an arrestee's "immediate control" for the purposes of "protecting arresting officers and safeguarding . . . evidence"). Arroyo had told the officer that "everything" in his backpack was "illegal," and that comment might have meant additional weapons. Although Arroyo was handcuffed, that fact alone does not render the officer's brief and limited search unconstitutional. *See id.* at 1199–1200. Accordingly, the district court did not err by denying Arroyo's motion to suppress the evidence that served as the basis for his conviction.

**AFFIRMED.**